United States District Court
For The Southern District Of California
San Diego Division



Joseph Lewis
Plaintiff,

V.

Veterans Village of San Diego (VVSD)
Beverly Fisher (VVSD Counselor)
Oceana Connolley (VVSD Counselor)    Cause No:    **'19CV1313 CAB WVG**
Raul (last name unknown) (VVSD Counselor)
Raquel Young (County Counsel for San Diego)
Defendants,

Plaintiff Requests Jury Trial

A. <u>Parties to this complaint:</u>

<u>Plaintiff/s:</u>
1. Joseph D. Lewis
Address: 9141 Sun Court Apt. A
         West Palm Beach, Florida 33408

<u>Defendants:</u>
1. Veterans Village Of San Diego
Acting as the treatment facility and recipient of Federal Funding through the
California Medi-Cal insurance program.
Address:    4141 Pacific Highway
            San Diego, California 92110

2. Beverly Fisher (Counselor at Veterans Village)
Acting in her official and unofficial capacity as a VVSD counselor and employee.
Address:    4141 Pacific Highway
            San Diego, California 92110

3. Oceana Connolley (Counselor at Veterans Village)
Acting in her official and unofficial capacity as a VVSD counselor and employee.
Address:    4141 Pacific Highway
            San Diego, California 92110

4. Raul (last name unknown) (Counselor at Veterans Village)
Acting in his official and unofficial capacity as a VVSD counselor and employee.
Address:    4141 Pacific Highway
            San Diego, California 92110

5. Raquel Young (County Counsel For San Dieo County Mental Health Court)
Acting in her official and unofficial capacity as a county attorney.
Address:   1600 Pacific Hwy Rm 355
           San Diego, CA 92101


B.   <u>Jurisdiction:</u> I am suing for a violation of federal law under 28 U.S.C. § 1331.

C.   <u>Statutes Violated In This Case:</u>

1. 42 U.S.C. § 1985 - Conspiracy to interfere with civil rights:
- (2)OBSTRUCTING JUSTICE; INTIMIDATING PARTY, WITNESS, OR JUROR (APPLICABLE SECTION OF THIS READING IS LISTED AS FOLLOWS): if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

- (3)DEPRIVING PERSONS OF RIGHTS OR PRIVILEGES
If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.


2. The Rehabilitation Act of 1973, codified as 29 U.S.C. § 701:

(Applicable in this case due to Veterans Village accepting California Medi-Cal insurance, which is a federally funded insurance program)

The Rehabilitation Act of 1973, as Amended (Rehab Act) prohibits discrimination on the basis of disability in programs conducted by federal agencies, in programs

receiving federal financial assistance, in federal employment and in the employment practices of federal contractors.

3. The 14th Amendment to the United States Constitution concerning due process of law. The 4th Amendment to the United States Constitution Regarding illegal detainment and seizure of the Plaintiff, and 42 U.S.C. § 1983 for deprivation of rights under the color of law applicable in this case regarding county counsel Raquel Young.

D.  Summary Of The Claim:

This is a brief summary of what this claim is about. The Plaintiff was a participant in the residential treatment program at VVSD and was new to the area. The Plaintiff researched Veterans Village of San Diego (referred to as VVSD) online prior to flying into San Diego from Louisville, Kentucky. I came to VVSD as an opportunity to get established in the San Diego area and get on my feet. I was a participant in the program at VVSD from approximately September 1, 2018 until October 18, 2018…these dates may be off by a few days.

This claim will show that I was a sober participant in the VVSD program. It will show that there were certain students in the program that exhibited a pattern of harassment and bullying of other students during VVSD required therapy classes. What I will prove is that I reported bullying to VVSD counseling staff members who failed to intervene, and stop the harassment, and bullying that was taking place in their classes. I reported this multiple times to VVSD staff. While this bullying was ongoing, certain students were the aggressors. The primary student who was bullying classmates name was Nash, who was abusing heroin while participating in the VVSD program. I will get Nash's full name through discovery via VVSD medi-cal records. I believe in this case Nash's Heroin use was attributed to his behavior of harassing and bullying other participants in the class. Nash ended up overdosing one night while out on a pass to leave the VVSD facility, a pass that was granted by VVSD staff. Nash required a shot of Narcan from medics on the scene of his overdose to prevent his death. VVSD was notified of Nash's near death experience because the police called the facility. Had the police not called VVSD we would have never known Nash was using Heroin while in the VVSD program.

This claim is going to show that VVSD staff Beverly Fisher, Oceana Connolley, and Raul (last name to be acquired during discovery) attempted to blame Nash's near death overdose on me to their VVSD superiors and the VA Hospital, and then proceeded to fraudulently eliminate me from the VVSD program by use of Mental Health Wards/Evaluations and false statements. This claim will also show that the Defendants discriminated against me for having a disability named Tenitus, which is ringing of the ears. The Defendants said a lot of baseless things about me with zero evidence to Medical Staff at the VA, without my knowledge, or approval, in violation of HIPAA privacy law. The VA hospital will be getting their own lawsuit in this case, separately. However, unlike VVSD staff in their endeavors to eliminate me from society through mental health holds, I have witnesses in the form of the VVSD class

present during my stay there. Those witnesses will testify in support of this claim and my allegations. Recently, on July 10, 2019 I pulled records from the VA Hospital that proves VVSD staff was trying to purposely keep me locked in a psych ward and bypassed criminal rights and laws to do so. If, at any point during my stay at VVSD, if someone thought I committed some type of crime, they should have called the police. I am entitled to police investigations to make sure the allegations against me are true. It is referred to as due process of law, the 14th Amendment. However, I do believe the defendants had experience railroading clients who they felt threatened their credibility or jobs as counselors at VVSD. If the upper management and board members of VVSD were unaware of what actually happened in this case, I am more than sure you are now informed. My stay at VVSD turned into a nightmare.

E. <u>Statement Of The Claim:</u>

On or about September 1, 2019 the Plaintiff Joseph Lewis enrolled in the VVSD inpatient treatment program for veterans funded by the California Medi-Cal insurance program. During the first month and a half of my stay things went smoothly. I attended required classroom sessions from 9:00 am to 4 pm. I enjoyed my time there, the food was good. I was working out and playing basketball regularly. While attending the classroom sessions I began to notice class participants named Nash, Dan, and J.D. harassing and teasing other class participants. These students would go from bullying one participant to another and would move to humiliate them in class. It was primarily two particular students they would harass. During my time in these classes I kept to myself, I didn't talk very much and focused more on listening. I never said a word to Nash, Dan, or J.D. Then one day after about a month and a half of being in the VVSD program these individuals, headed by Nash, began heckling me and they were trying to bully me and humiliate me in front of the class. I ignored it at first and then the situation became worse as these students proceeded to harass me for about a week. I reported the situation to Beverly Fisher, as well as Oceana Connolley multiple times. I asked them why people who were acting like that were not removed from the program. Beverly and Oceana didn't do anything to stop the harassment, they would make a statement to the whole class saying that we needed to respect each other, and they avoided confrontation with the students who were bullying people in the class.

During one instance of being harassed by Nash, I got up and walked out of the classroom and did not stay for the class. Oceana Connolley came and found me, and forced me to go into class with Nash after I informed her of the harassment and bullying that was taking place. She took no action to stop it. Oceana informed me that if I wanted to stay in the program that I had to complete a certain number of hours in the group classes, and told me I had to go sit with this Nash in the class. So after this, Nash and his friends harassed me for about a week, and I reported it multiple times to VVSD staff Oceana Connolley and Beverly Fisher. One day in class Nash starts making

separate from me while I was going through extremely difficult military training. During this same exchange another class member named Dan was insulting me. Nash made the comment about my wife and then leaned back in his chair, put his arms behind his head, kicked back in a relaxing position and smiled at me in a way that would have bothered anyone in the same situation. I then asked Nash "you think that's funny? Insulting people and acting like that?" I then invited Nash out of the building and across the street to fight because I was tired of being harassed. Nothing happened because Nash did not go across the street...typical bully. I can only take so much of a person harassing me, and I went through all the proper channels to try and stop it, not to mention I was being forced by staff to attend classes with Nash. I do not bother people, or harass them and I expect the same from my peers. Despite everything that happened I never physically touched Nash.

Once Nash and his friends started harassing me I heard rumors from other class participants that Nash was using Heroin. About two days after I confronted Nash and his friends he overdosed on Heroin and required a Narcan shot to be revived. VVSD found out about this overdose from the police. A few days before this overdose, Beverly Fisher told me that they required me to go to a mental health evaluation at the San Diego County Mental Health facility. Here I am being bullied by people in their class, Beverly and Oceana are doing nothing to stop it, and when an argument breaks out because of it I am asked to go to a mental health evaluation. At the time I though it was no big deal, I happily went and conducted the mental health evaluation with San Diego County Mental Health. San Diego Mental Health gave me a clean mental bill of health and I took the report back to Beverly.

Here is where the problem began, where VVSD staff began conspiring to harm me.   Once I passed this mental health evaluation, two days later when Nash overdosed I was notified by Raul my case manager that Beverly wanted me to go to the emergency room at the VA hospital in La Jolla to get evaluated for Tenitus (ringing in the ears). I had told Raul about the ringing problem I was having as I am service connected for disability for that condition. I had a case plan at a later date through Raul to get transported to the VA for the condition regarding said evaluation....so I was told that is what I was going to the ER for.

I get to the ER only to find that there was an extremely long line. I ask Raul if we could come back when it was less busy and he insisted that we stay per Beverly Fisher's(VVSD counselor) request. I get checked into the Va and I sit down with a nurse and she asks me if I am suicidal and I said no, she asks me if I want to harm others and I said no. This nurse then asks me the purpose of my visit and I informed her that I was suffering from loud ringing of the ears. I then go into the patient room of the ER and tell the doctor of the ringing problem and he left the room. Following this a psychologist comes into the room and tells me that I am being held on a 5150 court order for 3 days against my will. This psychologist tells me that I am being held for threatening cops and making gunshot gestures towards my own head. I then begin arguing with

ward. They then call a code green (request for police) over their intercom and have police come into the room to detain me. Approximately 9 months after this event happened I pulled my medical records out of curiosity of how all this happened, and I found out that without me signing a medical release form to Raul and without my knowledge that VVSD counselor Raul somehow accessed a psychologist at the VA hospital and told them the following fraudulent story "that I had a chip in my brain which the CIA is controlling and has increasing behavioral concerns as a result. That I had been verbally aggressive towards other clients in the program, and resulting in one peer relapsing after a confrontation with the patient. That the patient made gunshot motions to his head while discussing past experiences and stating that patient was going to "get those bastards back" referring to police officers who brutalized him." End quote.

So I am sitting in the psych ward unaware that Raul was making these statements behind my back and without medical consent to communicate with VA staff. I found out about these statements when I pulled the medical records on July 10, 2019, and this lawsuit followed. The entire time I am in the psych ward I am thinking there is some kind of government conspiracy going on because the VA hospital hid Raul's statements existence from me, and never told me about it. It caused me to go crazy. My freedom was stripped away and I am arguing with the doctors over statements I never made thinking the doctors made the statements up. Arguing with the doctors over statements I never made caused them to lock me up for longer. I was placed on a 6 month hold in court through efforts of the VA staff in conjunction with VVSD staff and attorneys. All together I spent approximately 4 months in a VA psych ward in jail like conditions.

These scum counselors actually lured me to a VA hospital under the false pretense of a tenitus evaluation with plans to make false statements on federal property in attempts to bypass criminal law and courts, and have me locked up without the ability to properly defend myself. Beverly Fisher, having worked for some time in the medical treatment field is fully aware that to get someone locked in a psych ward on a 5150 hold there have to be threats tied into statements at the hospital. So Beverly and Raul had to spice up the story a little bit and add some threats into the equation and lie, and twist the truth. Mind you, all this happened two days after I passed a mental health evaluation with a clean bill of health at the San Diego County Mental Health Clinic. During the treatment classes at VVSD Beverly Fisher admitted she was a prior drug addict turned counselor, and that she participated in prostitution, and obviously some of those winner character traits translated into her counseling skills. During my entire stay at the La Jolla VA, the VA hospital hid the VVSD staff member communications with Hospital staff members from me. I never knew about VVSD communications with the VA.

I found out through the VA medical files, statements from Raul in those files that Beverly Fisher was attempting to blame Nash's overdose on me. For months while I was locked in the psych ward, doctor's continually repeated the

allegations Raul (VVSD counselor) made in his statement to the doctor the night of the ER visit.

After a few days of being locked in the VA psych ward I called Oceana Connolley who was a counselor at VVSD. In that phone call I told Oceana that they needed to do their job properly, and that they should have removed those students who were harassing others. I never threatened Oceana. A few days after this phone call I was served a protective order from VVSD while I was locked in a psych ward saying that during that phone call I threatened to damaged VVSD property, and threatened to hurt staff. Those threats never happened, but such is what Oceana portrayed to the upper management of VVSD. Oceana, being the same counselor who refused to stop the harassment and bullying that was taking place in her classroom. When I brought up the conditions of the classroom bullying on the phone to Oceana and Beverly, both VVSD counselors thought it best to eliminate me from the equation and block my allegations from making their way to their supervisors with VVSD. Oceana Connolley and Beverly Fisher both accused me of making threats I never made. It is interesting to note that the VA hospital notified VVSD staff that I was in the psych ward, and allowed them to serve me a protective order, as though I was in a jail. When a subject calls a VA hospital, the hospital is not allowed to confirm that I am a patient. When I pulled my hospital records on July 10, 2019 I found out that Oceana Connolley called the VA hospital and somehow managed to communicate with VA hospital Nurses and Doctors about my medical case, in violation of HIPAA privacy laws, and lied to them, and told them I was threatening VVSD staff. Once again, these communications between VA Hospital Staff and Oceana Connolley were never disclosed to me by VA staff, but it is in the medical records per my recent discovery. Following this I was placed on phone restriction in the psych ward and was told I was threatening VVSD staff, and I had no idea what they were talking about or how that happened because it never happened, no threats were ever made to VVSD staff by me.

Two months went by as I was locked in the psych ward at the VA hospital La Jolla. At this time a Dr. Sanjay Rao, psychologist of the VA hospital wrote a letter to the court who placed the 6 month hold on me. In this letter the Doctor wrote that he thought I was no longer a threat and he was asking the court to release me. The county counsel had 5 days to object to this request for release. Once the 5 days had expired the VA hospital was supposed to release me but they refused to release me. On the 6th Day past the objection deadline I received a notice from county counsel Raquel Young, who opposed me in the psychological court ordered hold. The notice was an objection to my release from the hospital citing threats made to VVSD staff, threats that never happened, almost two months after these false threats were alleged. Somehow the county counsel had been in contact with VVSD staff and or attorneys, and they were attempting to block me from being released from the psych ward. When I found out about this objection to my release I called Raquel Young, county counsel and her supervisor Thomas Montgomery, and I told them that if they continued to communicate my private medical information to VVSD staff and attorneys that I was going to sue them in United States

set for the objection using VVSD threat allegations was then canceled after this, and they continued to hold me in violation of the statutes governing objections to release. Then, at the request of VVSD to continue holding me, the county counsel proceeded to pull my criminal record, which consisted of non violent offenses and minor offenses, and coerced Dr. Rao to go into court and testify that I was a threat to public safety because of my criminal background, and they once again blocked my release from the psych ward. This is illegal, you cannot convict me in a civil mental health court of criminal charges that have or will be resolved in the future, such goes way beyond double jeopardy and goes into major illegal activity and civil rights violations. There must be someone within VVSD upper management that has a lot of influence in San Diego County to be able to achieve something like that, blocking my release.

Following this hearing my release was blocked. The public defender appointed to defend me refused to allow me to call VA nursing staff witnesses who would have testified in my favor. I followed this by making a verbal complaint with the VA Hospital Director in La Jolla against Dr. Rao. Following a week of making complaints against the doctor, the doctor comes to me and says the following: "Look I wanna let you out, but if you keep filing complaints with the director no one is going to let you out. I need you to stop filing complaints against me. If you do that, I am going to give you a shot of resperidone, you have to take the shot if you want out. Then after a week or two of taking the shot I will go to the county counsel and court, and tell them that because of the shot you are no longer a threat." The good doctor was covering his misconduct. The shot is what I did. I agreed to take the shot and the shot caused me pain in my right leg to where I could not squat down fully for about 4 months, and it caused my jaw hinge to swell that made it hard to eat food for the same length of time. About a month after taking the shot, 4 months total in the psych ward I was released but still on a court hold ordering me into treatment. I spent thanksgiving locked up because of this Hold initiated by VVSD, I spent Christmas locked up. All of the winter holidays were taken from me.

VVSD staff proceeded to discriminate against me because of an ear ringing problem I had. They manifested stories of being controlled by a brain chip from the CIA, which was never said. VVSD staff manifested threats I never made. Most troubling of all, they used a disabling condition of tenitus(ringing of the ears) to lure me into a VA emergency room so they could lie to have me locked away in a psych ward with full knowledge of the information that has to be provided to provoke a 5150 hold, two days after I voluntarily attended and passed a mental health evaluation at San Diego County Mental Health that was requested by Beverly Fisher.

The readers of this document are probably wondering why Beverly Fisher didn't want to remove the classroom bully's from the roster. It is because of funding. At the time I was in the program there were approximately 20 of 50 seats filled. Each VVSD program participant garnered thousands of dollars in Federally Funded Medi-Cal insurance payments a month. That is why Beverly

out that door you will die". I am not sure how much monthly money VVSD was receiving from Medi-Cal for each participant but it has to be a lot, somewhere between $3,000 and $10,000 a month. And, they were struggling to reach enrollment goals under the Medi-Cal program through VVSD at the time of these allegations.

Never, should anything like this be allowed to happen again. Beverly Fisher, Oceana Connelly, and Raul proceeded to blame Nash's overdose on me to their supervisors and the VA hospital. Beverly and Oceana are the ones who approved Nash's pass to go out the night he overdosed, they controlled his movement. I had nothing to do with Nash using drugs. To conceal their wonton activities and lack of class discipline and order, they sold me down the river with fraudulent statements to have me locked in a psych ward, served protective orders, and had steady communications with the VA doctors and nurses the entire time of lockup detrimental to my release from the psych ward, which were illegal HIPAA privacy violations. I also received ineffective representation from the public defenders regarding the mental health hold. I was fed to the wolves in court, strapped to a hospital bed in court, denied the right to speak in court, denied the right to call witnesses that favored my position. My VA medical files referred to VVSD staff as "victims" and such could not be further from the truth. There was only one victim in this case, and that was me. Here, in the United States, when someone believes a crime has been committed, you are supposed to file a police report, and then the allegations are investigated, and if probable cause is found that a crime was committed, charges are filed by a prosecutor. Here in this case VVSD staff purposely bypassed that process through cooperation with VA hospital staff to keep me locked in a psych ward without due process of law.

### F. Direct Claims Against therapist Oceana Connolley

1. Oceana Connolley was acting in her capacity and under her authority at all times as a VVSD employee and counselor.

2. Oceana Connolley failed to adequately address and intervene into the harassment and bullying of this plaintiff that was happening in her class room during the time the plaintiff was a resident at VVSD.

3. Oceana Connolley did knowingly and intentionally lie and present fraudulent information to VVSD supervisors, the VA hospital, VVSD attorneys, and the San Diego County Court that granted a protective order against the plaintiff regarding false threats of damage and violence to VVSD property and staff.

4. Oceana Connolley did knowingly and intentionally communicate fraudulent information of threats protected under federal HIPAA privacy law to the VA Hospital with intentions of keeping this plaintiff locked in the VA Hospital

Psych Ward. In other words, the Defendant betrayed the trust of the Plaintiff via medical exploitation and fraud.

5. Oceana Connolley did knowingly conspire with Beverly Fisher to fraudulently exploit the plaintiff, as a medical provider, in order to deprive the Plaintiff of civil rights regarding due process of law guaranteed under the United States Constitution. These defendants managed to procure a criminal conviction of the Plaintiff by means of false allegations presented to VA medical providers and a civil mental health court, resulting in plaintiff being locked in a VA psych ward. This was done to conceal a pattern of harassment being directed towards the plaintiff regarding other participants in the VVSD program. Such was conducted by the defendants to blame the Heroin overdose of Nash on the plaintiff.

6. Oceana Connolley did knowingly force the plaintiff to attend classes with VVSD students who were harassing him after receiving reports that harassment and bullying were taking place.

7. Oceana Connolley did conspire to interfere with the plaintiff's civil rights under 42 U.S.C section 1985.

### G. Direct Claims Against therapist Beverly Fisher

1. Beverly Fisher was acting in her capacity and under her authority at all times as a VVSD employee and counselor.

2. Beverly Fisher did knowingly conspire with VVSD case manager Raul to deceive the plaintiff into visiting the the VA hospital under the guise of a tenitus evaluation in order to present fraudulent information to obtain a 5150 court order detaining the plaintiff into the VA psych ward in La Jolla, CA. Ms. Fisher did this knowing full well that two days prior to the VA hospital visit that the plaintiff was granted a clean bill of mental health from the San Diego County Mental Health hospital. Such conspiring was conducted by this defendant to deprive the plaintiff of civil rights, and medical rights guaranteed under the United States Constitution.

3. Beverly Fisher did knowingly conspire with Oceana Connolley to communicate false reports of alleged threats from the Plaintiff to VA Medical staff, VVSD upper management, VVSD attorneys, and the San Diego County Courts; in violation of HIPAA privacy laws to medically exploit the plaintiff and restrict his freedom. This activity was conducted to suppress reports of harassment that the plaintiff was a victim of to VVSD management, and the

4. Beverly Fisher did discriminate against the plaintiff by using a hearing disability to deceive the plaintiff into attending the ER at the VA hospital for treatment. Treatment that then turned into a 5150 hold, that in turn became a 6 month hold in a psych ward with restricted jail like conditions.

5. Beverly Fisher did knowingly begin forcing the plaintiff to attend mental health evaluations after being subjected to harassment and bullying by other SSVF class participants, instead of removing those class participants who were harassing the plaintiff, and abusing heroin.

6. Beverly Fisher did knowingly conspire with VVSD case manager Raul to unlawfully transmit fraudulent medical information to doctors and nurses at the VA Hospital in La Jolla, California.

7. Beverly Fisher did knowingly conspire to interfere with the plaintiff's civil rights under 42 U.S.C section 1985.

H. Direct Claims Against VVSD Case Manager Raul

1. Raul was acting in his capacity and under his authority at all times as a VVSD employee and counselor.

2. Raul did knowingly conspire under the direction of Beverly Fisher to violate the plaintiffs civil rights and medical protections by transmitting fraudulent reports of threats allegedly made by plaintiff to VA Hospital Staff that resulted in the plaintiff being locked in a VA Hospital Psych ward.

3. Raul did knowingly use the false pretense of a tenitus evaluation to lure the plaintiff to the VA Hospital with the direct intention of having the plaintiff locked in a psych ward without his knowledge by use of false statements of threats.

4. Raul did knowingly did conspire to interfere with the plaintiff's civil rights under 42 U.S.C section 1985.

I. Direct Claims Against County Counsel Raquel Young

1. Raquel Young did knowingly conspire with VVSD staff to unlawfully continue to hold the Plaintiff in the VA psych ward in La Jolla California.

privacy laws and in violation of the California Rules of Professional Conduct binding attorneys.

3. After being threatened with a HIPAA federal lawsuit, Raquel Young did knowingly cancel a mental health court hearing for which she planned on using contact and statements with VVSD staff to object to plaintiff's release.

4. After being informed that contact with VVSD about plaintiff's medical information was a violation of HIPAA law, Raquel Young did knowingly and intentionally pull the defendant's criminal background, and coerced Dr. Rao of the VA to go into court and testify that because of plaintiff's criminal background that he was a threat to public safety which blocked the Plaintiff's release from the Psych Ward. This was a serious violation of double jeopardy laws, and the 14th and 4th Amendment to the United States Constitution.

5. Raquel Young did restrain the plaintiff's freedom without probable cause to do so, and for extended periods of time. Raquel Young does not work in a criminal court, and does not have the capacity of a criminal prosecutor.

6. Raquel Young did conspire to interfere with the plaintiff's civil rights under 42 U.S.C section 1985.

J. Direct Claims Against Veterans Village of San Diego

1. All VVSD defendants were acting in their capacity and under the authority granted to them by VVSD to practice medical treatment as licensed counselors in the State of California. It is the counselor's attachment to VVSD that granted them access to my medical information, and contractually bound VVSD to protect the plaintiff under HIPAA from fraudulent medical disclosures to non authorized personnel. VVSD is liable in this case because of that.

2. The individuals who filed the protective order against me in this case were VVSD attorneys. Said information was filed in court without me having the ability to properly defend myself as I was locked in a psych ward by use of twisted, fraudulent information of threats by the plaintiff provided by Raul, Beverly Fisher, and Oceana Connolley. VVSD is liable in this case as their staff and attorneys were involved in the presentation of fraudulent evidence that slandered, harmed, and harassed this plaintiff.

3. VVSD is liable in this case as they empowered the counselors to conceal and twist information, and fraudulently disclose HIPAA protected information to VA Hospital Employees.

4. VVSD employees did knowingly conspire in this case with their attorneys, staff members, VA Doctors/Nurses, and County Counsel Raquel Young to deprive this plaintiff of civil rights, freedom, and due process of law guaranteed under the United States Constitution.

5. VVSD is a recipient of the federally funded California Medi-Cal insurance program, and a recipient of other Veterans Affairs funding. They are liable for claims regarding the Rehabilitation Act. VVSD is liable in this case for the actions of the employees they empowered to conduct harmful acts.

## K. Request for Damages and a Jury Trial

1. Plaintiff is seeking damages in the Amount of $2,000,000 in U.S. currency.

2. Plaintiff seeks damages for wrongful/fraudulent imprisonment, depression from events described in this complaint, consistent harassment, mental torture and severe emotional distress for months at a time that has caused the plaintiff to lose sleep. Plaintiff also seeks damages for pain and suffering that occurred due to being forced and blackmailed into taking injections to be released from the VA psych ward. The defendant's actions led to long term incarceration in this case.

3. Plaintiff seeks damages both punitive and compensatory.

4. Plaintiff requests that Veterans Village of San Diego immediately rescind the protective order that was granted in their favor, and that they contact the VA Hospital with my consent, to inform them that they lied to hospital staff to correct the record.

5. Plaintiff requests a jury trial.


Respectfully Submitted,

Joseph D. Lewis