UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOSEPH LEWIS,

                                    Plaintiff,

v.

VETERANS VILLAGE OF SAN DIEGO et al.,

                                    Defendants.

Case No.: 19-cv-1313-CAB-WVG

**ORDER GRANTING APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND SUA SPONTE DISMISSING COMPLAINT**

On July 15, 2019, Plaintiff, a non-prisoner, filed a complaint alleging violations of 42 U.S.C. § 1985(2), § 1985(3), and 29 U.S.C. § 701. [Doc. No. 1.] The Court reviews Plaintiff's complaint under 28 U.S.C. § 1915(e), as required when a plaintiff files a motion to proceed *in forma pauperis* ("IFP"). Under this mandatory screening, the Court finds that Plaintiff's complaint does not sufficiently state a claim for relief. Thus, the Court GRANTS Plaintiff's IFP motion, [Doc. No. 2], DENIES as moot Plaintiff's motion for leave to appear for pretrial hearings telephonically, [Doc. No. 3], DENIES as moot Plaintiff's motion for court assisted service of summons, [Doc. No. 4], and DISMISSES Plaintiff's complaint with leave to amend.

I.    **MOTION TO PROCEED IN FORMA PAUPERIS**

Plaintiff moves to proceed IFP under 28 U.S.C. § 1915. All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application

1

for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP under 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). All actions sought to be filed IFP under § 1915 must be accompanied by an affidavit, signed by the applicant under penalty of perjury, that includes a statement of all assets which shows inability to pay initial fees or give security. Civ LR 3.2.a.

Here, Plaintiff's application demonstrates that Plaintiff lacks the financial resources to pay the filing fees and still afford the necessities of life. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015); *see also* 28 U.S.C. § 1915(a). Accordingly, the Court **GRANTS** Plaintiff's IFP motion.

Notwithstanding the foregoing, a complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to mandatory and sua sponte review and dismissal should the Court determine, *inter alia*, it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). Congress enacted this safeguard because "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Accordingly, the Court "may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts . . . ." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984) (internal quotation omitted).

## II. BACKGROUND

According to the Complaint, Plaintiff Joseph Lewis was a participant in the residential treatment program at the Veterans Village of San Diego ("VVSD") from approximately September 1 to October 18, 2018. [Doc. No. 1 at 3.[1]] Plaintiff alleges there were certain participants in the program that exhibited a pattern of harassment and bullying of others which he reported to VVSD staff. [*Id.*] Some of these participants harassed Plaintiff and the VVSD staff failed to intervene. [*Id.* at 5.] Plaintiff names as Defendants VVSD, VVSD staff counselors Beverly Fisher, Oceana Connolley, and Raul, and San Diego county counsel Raquel Young. After going to the emergency room at the VA hospital in La Jolla per the request of Defendant Raul and Defendant Beverly, Plaintiff was told by a psychologist he was being held on a 5150 court order against his will. [*Id.* at 5.] Shortly after he was detained by the police. [*Id.* at 6.] Plaintiff alleges that the VVSD staff counselors lured him to a VA hospital under the false pretense of a tinnitus evaluation with plans to make false statements on federal property in attempts to bypass criminal law and courts, and have him locked up without the ability to properly defend himself. [*Id.*] Plaintiff further alleges that while he was in the psych ward San Diego county counsel Defendant Raquel, coerced a VA psychologist to go into court and testify that he was a threat to public safety because of his criminal background, which blocked his release from the psych ward. [*Id.* at 7–8.] Plaintiff alleges that VVSD staff proceeded to discriminate

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

against him because of an ear ringing problem he had and manifested stories and threats he never made. [*Id*. at 8.] According to the complaint, Defendants Beverly, Oceana, and Raul blamed another participant's overdose on Plaintiff, "sold [him] down the river with fraudulent statements to have [him] locked in a psych ward, served protective orders, and had steady communications with the VA doctors and nurses" detrimental to his release, which were illegal HIPAA privacy violations. [*Id*. at 9.] Further, the complaint alleges Plaintiff received ineffective representation from the public defenders regarding his mental health hold. [*Id*.]

## III.   DISCUSSION

The Complaint purports to assert federal statutory claims under 42 U.S.C. § 1985 and 29 U.S.C. § 701. The factual allegations, however, do not support a plausible claim under either statute.

### A.   42 U.S.C. § 1985(2) and (3) Conspiracy Claims

The second clause of § 1985(2) provides a cause of action if: two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws. The first clause of § 1985(3) provides a cause of action for a private conspiracy to deny equal protection of laws. The second clause of § 1985(3) provides a cause of action for a conspiracy: for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws. The third clause of § 1985(3) provides a cause of action for a conspiracy to interfere with federal elections.

An allegation of some racial or class-based animus is an essential requirement for a claim under the second clause of § 1985(2) and under § 1985(3). *See Bretz v. Kelman*, 773 F.2d 1026, 1029–30 (9th Cir. 1985); *see also Griffin v. Breckenridge*, 403 U.S. 88, 101–102 (1971). Otherwise, the court explained, § 1985 would become a generalized federal

4

tort law to be invoked for any private tortious conspiracy. *Id.* at 101–102. To establish racial or class-based animus, a plaintiff must show "invidiously discriminatory motivation . . . behind the conspirators' action." *Id.* at 102. Here, it appears Plaintiff's only plausible reference to an invidious discriminatory motivation on the Defendants' part is due to the fact that he suffers from "a disability named Tenitus [sic], which is ringing of the ears." [Doc. No. 1 at 3.] Plaintiff's tinnitus is not a medical condition and is often a symptom of an underlying condition such as age-related hearing loss.[2] The Court is not convinced that individuals with tinnitus qualify as a class for private civil rights conspiracy claims under § 1985 and finds no authority to the contrary. Even if individuals with tinnitus would qualify as a class, Plaintiff makes no conceivable connection to his tinnitus being behind the alleged motivations or actions of the Defendants beyond mere conclusory statements. Plaintiff also fails to plead any facts linking the Defendants' actions to a level of conspiracy to deprive him of the equal protection of the laws. Accordingly, Plaintiff has failed to state a claim under § 1985.

## B. 29 U.S.C. § 701 Rehabilitation Act

The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). In order to obtain relief under [this section], a plaintiff must show (1) that he is disabled within the meaning of the act, (2) that he is "otherwise qualified" for the services sought, (3) that he was excluded from the services sought solely by reason of his disability, and (4) that the program in question receives federal financial assistance. *See Dempsey v. Ladd*, 840 F.2d 638, 640 (9th Cir. 1988). Similar to the analysis above for Plaintiff's § 1985 claims, Plaintiff has not convinced the Court he has an actual disability. Furthermore, Plaintiff

---

[2] https://www.mayoclinic.org/diseases-conditions/tinnitus/symptoms-causes/syc-20350156

offers no facts to plausibly infer that he was excluded from the services sought "solely by reason of his disability," which he claims is his tinnitus. Accordingly, Plaintiff has failed to state a claim under the Rehabilitation Act.

## IV.    CONCLUSION

Plaintiff's allegations are unintelligible, mostly conclusory, and fail to state a claim that is plausible. In addition, it appears that Plaintiff is to some extent appealing from some previous state court orders in relation to his 5150 hold and matters dealing with the San Diego county counsel. Plaintiff cannot appeal such orders, if any, using this federal lawsuit. For the foregoing reasons, it is hereby ordered that Plaintiff's Motion to Proceed IFP is **GRANTED** and the Complaint is **DISMISSED without prejudice**[3] for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

Plaintiff may file an Amended Complaint addressing the deficiencies stated by the Court in this Order by **August 26, 2019**. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted) ("All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived.").

It is **SO ORDERED**.

Dated: July 26, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[3] In light of this ruling, Plaintiff's Motion for Leave to Appear for Pretrial Hearings Telephonically [Doc. No. 3] and Plaintiff's Motion for Court Assisted Service of Summons and Lawsuit [Doc. No. 4] are **DENIED as moot**.